IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PERCY THOMAS JOHNSON,

   Petitioner,

v.

JOHN M. RYAN, et al.,

   Respondents.

CIVIL ACTION
NO. 89-2999

FILED
OCT -7 2015
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## OPINION

Slomsky, J.                       October 6, 2015

### I. INTRODUCTION

Before the Court are the Objections of pro se Petitioner Percy Thomas Johnson to Magistrate Judge Thomas J. Rueter's Report and Recommendation ("R&R") in the above-captioned matter.[1]

### II. BACKGROUND

The following facts are adopted from the R&R:[2]

---

[1] For purposes of this Opinion, the Court has considered the pro se Petition for Writ of Habeas Corpus filed by Petitioner on March 12, 2014 (Doc. No. 32), Respondents' answer in response to the Petition (Doc. No. 42), Petitioner's reply to the response (Doc. No. 44), and the pertinent state court record. Petitioner also requested appointment of counsel (Docs. No. 36, 37), which the Court has reviewed as well.

The case was referred to Magistrate Judge Thomas J. Rueter on January 1, 2015 for an R&R. (Doc. No. 40.) Magistrate Judge Rueter issued an R&R on March 30, 2015 (Doc. No. 45), to which Petitioner filed objections on April 27, 2015 (Doc. No. 49).

[2] The factual background taken from the R&R has been altered slightly to include additional and modified citations to comply with this Court's citation format. Any additions to the factual background are reflected by text contained in brackets.

1

In 1972, Petitioner was indicted on two separate bills charging him, on the first, with murder in the first degree and related charges, and, on the second, with burglary, armed robbery, larceny, receiving stolen goods and conspiracy. (Nos. 1163-6, 1163-10, 1972 Term (C.P. Bucks).) Both indictments arose from Petitioner's participation in a bank robbery and the subsequent shooting death of a Bristol Township police detective. On October 21, 1972, a jury sitting in the Court of Common Pleas of Bucks County, Pennsylvania, convicted Petitioner of all charges except for first-degree murder. The jury was unable to reach a verdict on that charge and a mistrial was declared. A second jury trial was held on the first-degree murder charger alone and, on December 7, 1973, a jury found Petitioner guilty of first-degree murder. Petitioner was sentenced to life imprisonment on the murder conviction, and a concurrent sentence of ten to twenty years incarceration on the burglary conviction. See Johnson v. Ryan, 1990 WL 182153 (E.D. Pa. Nov. 21, 1990) (Weiner, J.) Both convictions were affirmed on direct appeal by the Supreme Court of Pennsylvania on March 18, 1975. Commonwealth v. Johnson, 333 A.2d 881 (Pa. 1975). This case has undergone a long procedural history to reach the proceeding presently before the undersigned [Magistrate Judge Rueter].

In 1975, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. The District Court denied the petition for failure to exhaust state court remedies. Thereafter, Petitioner filed a series of petitions seeking state post conviction relief pursuant to Pennsylvania's Post Conviction Hearing Act ("PCHA"), 42 Pa. Cons. Sta. Ann. §§ 9541-9551, and the later enacted Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541, et seq. Petitioner filed his first PCHA petition on August 23, 1977, which was denied. The Superior Court of Pennsylvania reversed and permitted Petitioner to file post trial motions nunc pro tunc on his robbery conviction. Commonwealth v. Johnson, 421 A.2d 737 (Pa. Super. Ct. 1980). The trial court denied Petitioner's post-trial motions.

In 1981, Petitioner filed a second PCHA petition, which was denied on October 26, 1981. The Superior Court of Pennsylvania reversed and remanded on March 15, 1985 for counsel to be appointed. Commonwealth v. Johnson, 494 A.2d 480 (Pa. Super. Ct. 1985). In December of 1988, while the PCHA petition was pending, Petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Pennsylvania. This petition was denied on February 2, 1989, because of the pending PCHA petition. Petitioner filed a second petition for a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania on May 1, 1989. This petition was denied and dismissed on June 14, 1989, for failure to exhaust state court remedies.

On July 5, 1989, Petitioner filed a "Certificate of Probable Cause" with the Third Circuit Court of Appeals. The Court of Appeals remanded the case to the District Court to determine whether Petitioner's assertions had been exhausted or excused on the ground of delay. On November 21, 1990, the District Court determined

2

that Petitioner had adequately presented his claims to the Supreme Court of Pennsylvania by way of a state court petition for writ of habeas corpus and that his claims could be considered on the merits. Johnson v. Ryan, 1990 WL 182153, at *1 (E.D. Pa. Nov. 21, 1990). The court concluded that the claims were meritless. However, the District Court also recognized that Petitioner's PCHA petition remained pending in the Court of Common Pleas upon remand in 1985. The District Court, therefore, denied the habeas petition on its merits with leave to renew only that claim asserting due process violations from the delay in adjudication of the PCHA petition. Id. at *8.

A hearing was held on the PCHA petition on November 6, 1992, at which Petitioner was represented by counsel. The hearing was originally scheduled for December 21, 1990, but Petitioner refused to appear. This initiated additional federal litigation, but Petitioner withdrew this federal petition, which then was dismissed without prejudice and the case remanded to the Court of Common Pleas. (Civil Action NO. 89-2999 (E.D. Pa.).) On February 8, 1993, Petitioner's PCHA petition was denied. The Superior Court of Pennsylvania affirmed on November 29, 1993, and the Supreme Court of Pennsylvania denied Petitioner's request for review on April 15, 1994.

On August 8, 2011, Petitioner filed a third post-conviction petition, this time pursuant to the PCRA. On September 7, 2012, the petition was denied. The Superior Court of Pennsylvania affirmed on October 4, [2013], concluding that the Petition was untimely. Petitioner's petition for allowance of appeal to the Supreme Court of Pennsylvania was returned as untimely.

On March 9, 2014, Petitioner executed the instant Petition for a Writ of Habeas Corpus and filed it in this Court on March 12, 2014.[3] (Doc. No. 32.)

---

[3] [Footnote 1 of the R&R states]:
Petitioner filed the instant Habeas Petition using the same docket number as his previous habeas petition. As the District Court detailed in its November 21, 1990 opinion, Petitioner's original habeas petition was dismissed without prejudice only with respect to Petitioner's claim that the delay in adjudication of his then pending PCHA petition violated due process. See Johnson v. Ryan, 1990 WL 182153, at *8 (E.D. Pa. Nov. 21, 1990). In the instant Petition, Petitioner claims that his conviction violated the due process clause because the murder statute in effect in Pennsylvania at the time of his 1972 conviction had been found unconstitutional 'prior to trial and repealed while [P]etitioner was on direct appeal.' (Doc. No. 32 at 4.) More specifically, Petitioner claims that, because that portion of the homicide statute then in effect that permitted the death penalty was declared unconstitutional, the entire statute was a nullity, and the trial court lacked subject matter jurisdiction over this charge. Id. at 5-6. Respondents contend that Petitioner erred in treating his current Petition as a continuation of his prior habeas proceeding. (Doc. No. 42 at 4 n.3.) This Court agrees. However, the instant habeas petition was docketed under the prior case number,

> Respondents filed a Response to the Petition on February 20, 2015 (Doc. No. 42), requesting that the Petition be dismissed because it is barred by the one-year statute of limitations applicable to habeas corpus petitions. Petitioner filed a Reply to the Response on March 13, 2015. (Doc. No. 44.)

(Doc. No. 45 at 1-4.)

On March 30, 2015, Magistrate Judge Thomas J. Rueter issued an R&R concluding that the Habeas Petition was filed untimely. (Doc. No. 45 at 5-11.) Magistrate Judge Rueter also recommended denying Petitioner's request for appointment of counsel in the present Habeas litigation due to the untimeliness of the Petition. (Id. at 12.) On April 27, 2015, after the Court granted Petitioner an extension to file his Objections, Petitioner filed Objections to the R&R. (Doc. No. 49.) Respondents did not file a Response. For reasons that follow, the Court will adopt the R&R and deny the Petition as untimely, and also will deny Petitioner's Motion for Appointment of Counsel.

## III. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(B) and the local rules of this Court, a district judge is permitted to designate a magistrate judge to make proposed findings and recommendations on petitions for post-conviction relief. Any party may file objections in response to the magistrate judge's Report and Recommendation. Id. § 636(b)(1)(C). Whether or not an objection is made, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The [district] judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions." Id. "[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration

---

and the Court will continue to use the prior case number for this habeas proceeding as it has no impact on the recommendation of the court herein.

to the magistrate's report before adopting it as the decision of the court." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); see also 28 U.S.C. § 636(b).

In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs a petitioner's objections to a magistrate judge's report and recommendation. Under that rule, a petitioner must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." Savior v. Superintendent of Huntingdon SCI, No. 11-5639, 2012 WL 4206566, at *1 (E.D. Pa. Sept. 20, 2012). Upon review, "[a district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

De novo review is non-deferential and generally permits the district court to conduct an "independent review" of the entire matter. Salve Regina College v. Russell, 499 U.S. 225, 238 (1991). "Although [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper." Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

## IV. ANALYSIS

### A. Petitioner's Habeas Petition Will Be Denied

In his habeas Petition, Petitioner contends that his conviction for murder violated his due process rights under the Fourteenth Amendment because the statute under which he was convicted of, and sentenced for, first degree murder, 18 P.S. § 4701,[4] was found unconstitutional "prior to trial and repealed while [P]etitioner was on direct appeal." (Doc. No. 32 at 4.) Thus,

---

[4] Section 4701 was replaced by 18 Pa. C.S.A. § 2502 following a determination that the former statute was unconstitutional only as it related to death penalty provisions. Commonwealth v. Bradley, 449 Pa. 19, 295 A.2d 842 (1972).

5

Petitioner alleges that the Court of Common Pleas of Bucks County did not have subject matter jurisdiction to enter a "void" judgment against him. (Id.)

In recommending that Petitioner's Petition be denied, Magistrate Judge Rueter found that the Petition was untimely under the one-year statute of limitations imposed in habeas cases, and also that statutory and equitable tolling does not apply here. (Doc. No. 45 at 1.) For reasons that follow, the Court will overrule the objections to the R&R and will adopt Magistrate Judge Rueter's Report and Recommendation.

### 1. Petitioner's Objections to the R&R

Petitioner has made two objections to the R&R. First, he argues that his Petition is not untimely because it was held in stay and abeyance. Second, if the Petition is untimely, equitable tolling should apply. (Doc. No. 48 at 3-4.) Specifically, Petitioner agues that "the Magistrate fails to appreciate the constitutional significance of the claim presented. This alone justifies equitable tolling on the claim." (Id. at 4.) Petitioner than reargues the merits of his underlying habeas petition, alleging that under the Pennsylvania statute, his conviction was a legal nullity because the portion of the statute addressing the death penalty was determined to be unconstitutional. The Court need not decide the merits of Petitioner's habeas claim because it is clear that his Petition is untimely, and the Magistrate Judge correctly determined that equitable tolling does not apply in this case.

#### a. Timeliness of the Habeas Petition

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to habeas cases. 28 U.S.C. 2244(d). The limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State Action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(Id.) It is well settled that the time during which a properly filed application for State post-conviction or collateral review is pending "shall not be counted toward any period of limitation." (Id.) However, a PCRA petition that is untimely filed is not "properly filed" to suspend the running of the limitations period. Pace v. DiGugliemo, 544 U.S. 408, 414 (2005). The Third Circuit has held that prisoners whose convictions were final prior to the enactment of the AEDPA on April 24, 1996, have one year from the date of enactment to file a petition. Burns v. Morton, 134 F.3d 109, 1999 (3d Cir. 1998).

For purposes of calculating the timeliness of Petitioner's Petition, the Supreme Court of Pennsylvania affirmed Petitioner's conviction on March 18, 1975. Under Burns v. Morton, accordingly, Petitioner had until April 24, 1997—one year after the enactment of the AEDPA—to file a timely application for federal habeas relief. Petitioner filed his Habeas Petition in this case on March 9, 2014, which was nearly seventeen years after the statute of limitations had expired.[5] The fact that Petitioner filed the instant Habeas Petition, which was untimely, does not toll the

---

[5] Magistrate Judge Rueter explains in his Report and Recommendation why the AEDPA statute of limitations will be tolled while a Petitioner is pursuing his state collateral review remedies. Judge Rueter also explains that Petitioner's third PCRA petition was filed over thirteen years after the AEDPA statute of limitations had expired. Accordingly, any subsequent PCRA petition would not act to toll the statute of limitations because a PCRA petition cannot toll an already expired statute of limitations. See Leafey v. Kerestes, 2014 WL 5823067, at *5 (E.D. Pa. Nov. 7, 2014).

AEDPA statute of limitations. Thus, the Petition is untimely filed and must be dismissed unless subject to equitable tolling.

### b. Equitable Tolling Does Not Apply

Although Petitioner does not concede that his Petition is untimely, he nevertheless argues that the doctrine of equitable tolling should apply. AEDPA's statute of limitations is subject to equitable tolling, but this equitable remedy should be used sparingly. LaCava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005). Accordingly, equitable tolling should apply "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice, and where a rigid application of the limitations period would be unfair." United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998); Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 617 (3d Cir. 1998). Mere excusable neglect is not sufficient. Rather, a petitioner must allege (1) that he pursued his rights diligently; and (2) some extraordinary circumstance that prevented him from timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010).

Petitioner argues that equitable tolling should excuse his failure to timely file the present habeas Petition because:

> The United States Court of Appeals for the Third Circuit has held that equitable tolling may be applied where the principles of equity would make rigid application of the statute of limitations unfair. Generally this will occur when the appellant has been prevented from asserting his rights in some extraordinary way. Where the rigid application of the statute would result in upholding a sentence for a crime that, in fact, is not a crime, such a result would be manifestly unjust, and so equitable tolling of the statute of limitations is appropriate.

(Doc. No. 49 at 7.) This explanation, however, fails to acknowledge the two circumstances outlined in Holland v. Florida that are required to warrant equitable tolling—that Petitioner diligently pursued his federal habeas claim of a due process violation, and that an extraordinary circumstance prevented him from timely pursuing his claim.

8

The record belies the fact that any extraordinary circumstance prevented Petitioner from timely filing his present habeas claim. As noted by Magistrate Judge Rueter, "[P]etitioner has been pursuing his rights in state court and federal court for almost three decades. Petitioner filed counseled post-trial motions and a direct appeal, three petitions for state collateral relief (two of them counseled), two federal petitions for a writ of habeas corpus (prior to the instant petition), a petition for relief in the Third Circuit Court of Appeals, and numerous other state and federal pleadings." (Doc. No. 45 at 8-9.) Clearly, as evidenced by Petitioner's active filing history in both state and federal court, he was perfectly equipped in 1997 to assert in a timely manner the claims made in the current Habeas Petition under the AEDPA. Applying Holland v. Florida, Petitioner has not explained how an extraordinary circumstance prevented him from asserting such claims until March 2014. Accordingly, this Court will not apply equitable tolling to Petitioner's claim.

### B. Petitioner's Motion for Appointment of Counsel

Along with his Habeas Petition, Petitioner filed a request for appointment of counsel in these proceedings. (Doc. Nos. 36, 37.) There is no constitutional right to counsel in habeas corpus proceedings, and counsel is mandatory only if the district court determines that: (1) an evidentiary hearing is required; and (2) petitioner qualifies to have counsel appointed under 18 U.S.C. § 3006A. Although Petitioner is not requesting an evidentiary hearing, he stated in his Motion for Counsel that the case "may warrant an evidentiary hearing." However, because this Court agrees with Magistrate Rueter's findings that the Petition should be dismissed as untimely, an evidentiary hearing is not warranted under 28 U.S.C. § 2254(e)(2).

Where the appointment of counsel is not mandatory, a court may still appoint counsel to a habeas petitioner if the court "determines that the interests of justice so require." 18 U.S.C. §

3006(a)(2). This statute is intended to cover a petitioner with a colorable claim who lacks the financial means to adequately investigate, prepare, and present the claim. Because the Court has determined that Petitioner's Petition is untimely and should be denied, appointment of counsel will be of no assistance to advancing Petitioner's claim. Consequently, Petitioner's Motion for Appointment of Counsel will be denied.

## V.  CONCLUSION

Thus, for the foregoing reasons, the Court will adopt the Magistrate Judge's Report and Recommendation, will deny Petitioner's Petition for Writ of Habeas Corpus, and will deny Petitioner's request for appointment of counsel. An appropriate Order follows.